# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

MICHAEL BERNARD THOMAS,
Appellant,

v.

DEPARTMENT OF DEFENSE,
Agency.

DOCKET NUMBER
DC-0752-19-0672-I-1

DATE: June 25, 2024


# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michael Bernard Thomas</u>, Woodbridge, Virginia, pro se.

<u>Stephanie Sneed</u>, Esquire, Bethesda, Maryland, for the agency.


## BEFORE

Cathy A. Harris, Chairman<br>
Raymond A. Limon, Vice Chairman<br>
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.


## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to prosecute. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The agency removed the appellant for medical inability to perform his duties. Initial Appeal File (IAF), Tab 4 at 13-15. He filed the instant appeal of his removal and registered as an e-filer. IAF, Tab 1 at 2-3. The Board's regional office received no further submissions from him before the issuance of the initial decision.

In an acknowledgment order, the administrative judge notified the parties that failure to follow her orders or the Board's regulations could result in unspecified sanctions. IAF, Tab 2 at 2. The administrative judge instructed the parties that they could seek clarification with her via telephone regarding any of the case processing instructions set forth in the acknowledgment order. *Id.* In compliance with the administrative judge's instructions, the agency submitted its agency file. IAF, Tab 2 at 7, 9-10, Tab 4. Thereafter, the administrative judge issued an order scheduling a preliminary status conference with the parties. IAF, Tab 5 at 1.

Neither party appeared for the scheduled telephonic status conference. IAF, Tab 6 at 1. On August 29, 2019, the administrative judge informed the appellant that his failure to appear for the conference constituted a violation of a Board order and she ordered the appellant to show cause why he failed to appear at the telephonic status conference. *Id.* The administrative judge explicitly notified the appellant that, if he failed to submit a written explanation for his failure to appear at the conference by September 3, 2019, she would find that he had violated two Board orders and dismiss the appeal for failure to prosecute. *Id.* at 1-2. The appellant did not respond to the order to show cause. On September 5, 2019, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute. IAF, Tab 7, Initial Decision (ID) at 1, 3. The administrative judge found that the appellant's lack of responsiveness to her orders was tantamount to the abandonment of his appeal. ID at 2.

The appellant has filed a petition for review and a supplement to his petition, and the agency has filed a response. Petition for Review (PFR) File, Tabs 1, 3, 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders, or has exhibited negligence or bad faith in its efforts to comply. *Leseman*, 122 M.S.P.R. 139, ¶ 6. Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

As observed above, the appellant failed to appear for the status conference and failed to respond to the order to show cause. ID at 1-2; IAF, Tab 6 at 1. On petition for review, he has not addressed or explained these failures. PFR File, Tabs 1, 3. He reiterates his claims, from below, that his removal was the result of prohibited personnel practices. PFR File, Tab 1 at 5; IAF, Tab 1 at 5. He also submits documents concerning his equal employment opportunity (EEO) complaint against the agency, most of which he filed with his initial appeal.[2] PFR File, Tab 3 at 4-14, 25-36; IAF, Tab 1 at 12-22. This evidence concerning the merits of his appeal is not determinative of the propriety of the dismissal for failure to prosecute. *See Leseman*, 122 M.S.P.R. 139, ¶ 7 (finding an appellant's arguments regarding the merits of the agency's action was not determinative of whether the administrative judge properly dismissed the appeal for failure to prosecute).

The appellant has made no statements on review disputing his receipt of any of the administrative judge's orders. PFR File, Tabs 1, 3. The regional office notified him of each of the administrative judge's orders by electronic mail, in accordance with his status as an e-filer. IAF, Tab 1 at 2, Tab 2 at 18, Tab 5 at 2, Tab 6 at 3. As an e-filer, the appellant was responsible for monitoring his case activity at the Repository at e-Appeal Online to ensure that he received all of the case-related documents. *Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 6 (2013); 5 C.F.R. § 1201.14(j)(3). He is deemed to have received the administrative judge's orders on the date of electronic submission. *Mills*, 119 M.S.P.R. 482, ¶ 6; 5 C.F.R. § 1201.14(m)(2).

Because there is no evidence that the appellant took any steps to pursue his appeal until he filed his petition for review, and because the administrative judge explicitly warned him that failure to respond to the show cause order would result in the dismissal of his appeal for lack of prosecution, we find that the appellant

---

[2] He also attaches what appears to be a letter in which he sought representation. PFR File, Tab 1 at 7-8.

failed to exercise basic due diligence in prosecuting his appeal. *See Leseman*, 122 M.S.P.R. 139, ¶ 7 (finding that, by failing to take any steps to pursue her appeal until her filed her petition for review, despite being warned that her failure to participate may result in dismissal of the appeal with prejudice, the appellant failed to exercise due diligence in pursuing her appeal); *cf. Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶¶ 12-14 (2010) (finding the sanction of dismissal too severe when the administrative judge never specifically warned the appellant of his intent to dismissal the appeal for lack of prosecution and the appellant had previously taken affirmative steps in pursuing his appeal, including participating in a telephonic status conference and filing responsive pleadings). Accordingly, we conclude that the administrative judge did not abuse her discretion in imposing the severe sanction of dismissal with prejudice and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:
_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.